43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edwin A. WAGNER, Defendant-Appellee.
 No. 93-5859.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1994.
Decided Dec. 20, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge.
 William D. Wilmoth, U.S. Atty., Lisa Grimes Johnston, Asst. U.S. Atty., Wheeling, WV; David J. Horne, Bureau of Alcohol, Tobacco & Firearms, Cincinnati, OH, for appellant.
 R. Russell Stobbs, Weston, WV, for appellee.
 N.D.W.Va.
 REVERSED AND REMANDED.
 Before MURNAGHAN, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Government appeals an order dismissing an indictment against Edwin A. Wagner. The indictment charged Wagner as a felon in possession of firearms in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West 1976 & Supp.1994). Wagner's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he concedes that "the position of the [G]overnment is well taken on appeal and that there are no legitimate grounds upon which to resist." (Appellee's Br. at 10). Wagner was served a copy of the brief and notified of his right to file a supplemental brief, but he failed to do so. After a complete and independent review of the record, we reverse and remand with instructions to reinstate the indictment.
 
 I.
 
 2
 Wagner does not dispute that he has been convicted in Virginia of three crimes punishable by more than one year in prison. Wagner's convictions for forgery and armed robbery occurred in October 1973. Wagner completed his forgery sentence in 1977 and his armed robbery sentence in February 1979.[1] Wagner's felony conviction for uttering a forgery occurred in April 1983, and Wagner completed his sentence in 1986.
 
 
 3
 After the Government obtained an indictment against Wagner, Wagner filed a motion to dismiss. Pursuant to 28 U.S.C. Sec. 626(b) (1988), the magistrate judge recommended dismissing the indictment because Wagner fell within the exemption contained in 18 U.S.C.A. Sec. 921(a)(20) (West 1976 & Supp.1994). The magistrate judge considered whether Virginia law prohibited Wagner from carrying a firearm when he completed his forgery and armed robbery convictions. Because the statute prohibiting felons from possessing firearms had not been enacted in Virginia when Wagner completed those sentences, the magistrate judge concluded that Virginia law did not prohibit Wagner from possessing firearms. The magistrate judge also found that Wagner was not under a state firearms disability for his uttering a forgery conviction because that conviction did not fall within the classes of felonies covered by the statute. The Government objected to the magistrate judge's recommendation and argued that because Wagner's civil rights had not been restored, the Sec. 921(a)(20) exemption did not apply and that the court need not reach the issue of whether Wagner could possess firearms under Virginia law at the time he completed his sentences. The district court conducted a de novo review, adopted the magistrate judge's recommendation, and dismissed the indictment. The Government timely appealed.
 
 II.
 
 4
 On appeal, the Government argues that because Wagner never received a restoration of his civil rights under Virginia law, the Sec. 921(a)(20) exemption did not apply. We review de novo whether Sec. 921(a)(20) should have barred Wagner's indictment under Sec. 922(g)(1). James v. United States, 19 F.3d 1, 2 (11th Cir.1994); see United States v. Haynes, 961 F.2d 50, 51 (4th Cir.1992) (stating that whether defendant is convicted felon within meaning of Secs. 921(a)(20) and 922(g)(1) is question of law).
 
 
 5
 Under Sec. 922(g)(1), it is a federal crime for a person "who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm." 18 U.S.C.A. Sec. 922(g)(1). This general rule is qualified by Sec. 921(a)(20):
 
 
 6
 What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 7
 18 U.S.C.A. Sec. 921(a)(20). The term "civil rights" means " 'those rights accorded to an individual by virtue of his citizenship in a particular state,' comprising the rights to vote, to hold public office, and to serve on a jury." United States v. Metzger, 3 F.3d 756, 758 (4th Cir.1993) (quoting United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990)), cert. denied, 62 U.S.L.W. 3640 (U.S.1994).
 
 
 8
 The restoration of civil rights need not be complete, but it must be substantial. Metzger, 3 F.3d at 758. The question of whether Wagner received substantial restoration of his civil rights is determined by "the laws of the jurisdiction in which such purported predicate conviction occurred." United States v. Essick, 935 F.2d 28, 30 (4th Cir.1991). We must look to "the whole of state law" in determining the question. United States v. McLean, 904 F.2d 216, 218 (4th Cir.), cert. denied, 498 U.S. 875 (1990).
 
 
 9
 Virginia, unlike many states, has no general restoration of civil rights statute nor does it issue to felons who have completed their sentences certificates of discharge. See Almond v. United States, 854 F.Supp. 439, 443-44 (W.D.Va.1994). In deciding whether Wagner's civil rights had been restored under Virginia law, we must turn to the specific statutory sections which address various civil rights and which require specific action by the Governor.
 
 
 10
 Wagner lost his right to serve on a jury as a result of his convictions. See Va.Code Ann. Sec. 8.01-338 (Michie 1992). We have held that "[t]he loss of that right precludes a finding of a substantial restoration of civil rights necessary to satisfy Sec. 921(a)(20)." United States v. Hassan El, 5 F.3d 726, 734 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3640 (U.S.1994). Further, a convicted felon qualifies to vote only if his civil rights have been restored by the Governor or other appropriate authority.[2] See Va. Const. art. II, Sec. 1; Va.Code Ann. Secs. 24.2-101, 24.2-427 (Michie 1993). Finally, the Governor has the power to remove political disabilities that result from convictions and to grant pardons and reprieves. See Va. Const. art. V, Sec. 12; Va.Code Ann. Sec. 53.1-229 (Michie 1991).
 
 
 11
 No evidence in the record suggests that the Governor restored Wagner's civil rights. Because Wagner failed to meet the threshold requirement of Sec. 921(a)(20)--restoration of his civil rights--we find that the exemption does not apply and that we need not determine whether Wagner was under a state firearms disability when he completed his sentences. See Hassan El, 5 F.3d at 734 n. 7.
 
 
 12
 Accordingly, because Wagner's civil rights had not been restored, we reverse the district court's order and remand with instructions to reinstate the indictment. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 The district court's order adopting the magistrate judge's recommendation stated that Wagner completed his sentences for forgery and armed robbery in 1978
 
 
 [2]
 Conviction of a felony does not result in disqualification from holding elective office in Virginia. See Va. Const. art. II, Sec. 5