**UNITED STATES of America,**
**Plaintiff Appellant,**

v.

**Ray HERRON, Jr., Defendant Appellee.**

**No. 93–5704.**

United States Court of Appeals,
Fourth Circuit.

Argued June 10, 1994.

Decided Aug. 15, 1994.

Publication Ordered Oct. 13, 1994.

**ARGUED:** Lisa Grimes Johnston, Office of the U.S. Atty., Wheeling, WV, for appellant. Kourtney Anthony Ryan, Buckhannon, WV, for appellee. **ON BRIEF:** William D. Wilmoth, U.S. Atty., Sam G. Nazzaro, Asst. U.S. Atty., Thomas E. Booth, U.S. Dept. of Justice, Washington, DC, for appellant.

Before RUSSELL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

PER CURIAM:

The government appeals an order dismissing an indictment against Ray Herron, Jr. The indictment charged Herron as a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). We reverse and remand with instructions to reinstate the indictment.

### I.

On February 23, 1987, Herron was convicted under West Virginia law of manufacturing marijuana. He was sentenced by the Circuit Court of Gilmer County, West Virginia, to a three-year term of probation. On October 4, 1990, Herron's probation officer requested that the circuit court discharge Herron from probation. The court granted this request, and its order provided as follows:

> And the Court being of the opinion that said request is in all respects proper and valid and upon the recommendation of [the probation officer] ... it is therefore adjudged and ordered that said RAY HERRON, [ ] JR. be, and he is hereby released from probation, the same is hereby terminated, *and all his rights and privileges are hereby restored to him.*

JA 52 (emphasis added).

In January 1992, an agent with the Bureau of Alcohol, Tobacco and Firearms learned that Herron had a number of firearms. The agent obtained a search warrant for Herron's residence and seized 17 firearms and more than 1,700 rounds of ammunition. Herron was then indicted as a felon in possession of firearms under § 922(g)(1). On September 16, 1992, Herron pled guilty to the indictment, but the district court deferred entry of Herron's plea until sentencing. On July 1, 1993, when Herron appeared before the district court for sentencing, the court expressed misgivings about whether Herron's actions violated § 922(g)(1). Herron then moved to dismiss the indictment, and the court granted the motion.

The district court recognized that West Virginia bars a convicted felon from possessing a firearm unless he obtains a judicial order under W.Va.Code § 61–7–7 (1992) allowing it. However, the district court concluded as follows that the circuit court's order was the functional equivalent of a § 61–7–7 order:

> To be sure, the Order does not contain the precise language of the statute [§ 61–7–7] and may have been prepared upon the petition of the probation officer, but certainly any such petition was made on behalf of Mr. Herron and just as certainly the Judge meant what he said....
>
> In reviewing the whole of West Virginia law, the Court finds that the defendant received a proper order from the Circuit Court restoring his civil rights in accordance with W.Va.Code § 61–7–7, that the order of restoration does not exclude, in express or even implied terms, the right to possess firearms.

JA 58.

### II.

Section 922(g)(1) of Title 18 states in part:

**(g)** It shall be unlawful for any person—

(1) who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year;

... ;

to ... possess ... any firearm or ammunition....

The phrase "crime punishable by imprisonment for a term exceeding one year" is defined under 18 U.S.C. § 921(a)(20). That section states in part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored shall not be considered a conviction* for purposes of this chapter, unless such ... restoration of civil rights *expressly provides* that the person may not ... possess ... firearms. (Emphasis added.)

We recently summarized the interplay of these two sections as follows: "a violation of § 922(g) cannot be predicated on a felony conviction for which a person's civil rights have been restored, unless that restoration

'expressly provides that the person may not ... possess ... firearms.'" *United States v. Metzger,* 3 F.3d 756, 758 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994).

In this case, Herron appears to concede (1) that he was previously convicted of a crime punishable by imprisonment for more than a year and (2) that he possessed certain firearms. Likewise, the government concedes that Herron's civil rights (*e.g.,* to vote, to serve on a jury and to hold elective office) were substantially restored upon completion of his sentence. *See* 51 Op.W.Va.Att'y Gen. 182, 186 (1965). The parties differ, however, as to whether the general civil rights restoration language in Herron's probation discharge order satisfies § 61–7–7, which provides that a convicted felon may not possess a firearm unless specific conditions are met.

■ Our analysis must begin with the determination whether West Virginia—in restoring Herron's civil rights—"expressly provide[d]" that he may not possess firearms. In making this determination, our focus is not just on the language of the order purporting to restore Herron's rights. Rather, we must refer to the "whole of state law" to ascertain the limits on Herron's firearms privileges as a convicted felon. *United States v. McLean,* 904 F.2d 216, 218–19 (4th Cir.), *cert. denied,* 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990); *see also United States v. Shoemaker,* 2 F.3d 53, 54–55 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 698, —— L.Ed.2d —— (1994).[1] Accordingly, we refer to the West Virginia statute which controls a convicted felon's firearms privileges:

Notwithstanding any provision of this code to the contrary, no person who ... [h]as been convicted of a felony in this state ... shall have in his or her possession any firearm ...: Provided, That any person prohibited from possessing a firearm or other deadly weapon by the provisions of this section may petition the circuit court of the county in which he or she resides and if the court finds by clear and convincing evidence that such person is competent and capable of exercising the responsibility concomitant with the possession of a firearm or other deadly weapon the court may enter an order allowing such person to possess such weapon if such would not violate any federal statute.

W.Va.Code § 61–7–7.

■ Although West Virginia law "restore[s] to ex-convicts their general citizenship rights," it "limit[s] their firearms privileges" under § 61–7–7. *See McLean,* 904 F.2d at 219. In short, § 61–7–7 "expressly provides" that convicted felons may not possess firearms without an appropriate order from a circuit court. Here, Herron asserts that the district court was correct to interpret the circuit court's probation discharge order (restoring his civil rights) as the functional equivalent of a § 61–7–7 order. We disagree.

Section 61–7–7 sets forth specific procedures that must be followed for a convicted felon to have his firearms privileges restored. First, the individual must formally petition the circuit court for relief. Second, the court must consider evidence. Third, the court must "find[ ] by clear and convincing evidence that [the individual] is competent and capable of exercising the responsibility" of possessing a firearm.

Finally, the court must enter an explicit order allowing the individual to possess a firearm.

These procedures were not followed in Herron's case. He never petitioned for the restoration of his firearms privileges.[2] Further, there is no indication that the circuit court found any evidence, much less clear

---

1. *McLean* guides our inquiry: "a person whose civil rights have been restored after serving a sentence will automatically be exempted from the prohibition [of firearms possession under § 922(g)(1)] *unless the state affirmatively restricts the former felon from such activities.*" *McLean,* 904 F.2d at 217 (emphasis added).

2. Herron argues that the probation officer's request for termination of probation amounts to a "petition" under § 61–7–7. The statutory language is clear, however, and not susceptible to this construction. The petition is to be filed by the "person prohibited from possessing a firearm." W.Va.Code § 61–7–7.

and convincing evidence, that Herron was a suitable candidate for restoration of firearms privileges under § 61–7–7. Finally, the circuit court's order appears to be no more than a standard, one-sentence probation discharge form submitted by the probation officer and signed by the judge. Regardless, however, the order says nothing about Herron's firearms privileges.

To treat the circuit court's standard probation discharge order as a § 61–7–7 order would work a transformation not permitted by the plain language chosen by the legislature in § 61–7–7. The specific procedures outlined in § 61–7–7 are on the books for a reason. *Cf. In re Application of Metheney,* 182 W.Va. 722, 391 S.E.2d 635, 637 n. 3 (1990) (construing a related statutory provision, § 61–7–4, and stating that "[t]he legislature is presumed to intend that every word used in a statute has a *specific purpose and meaning* ") (emphasis added).

Based on the whole of West Virginia law, we conclude that § 61–7–7 "expressly provides" that a convicted felon may not possess a firearm. The broad wording of Herron's discharge order cannot "negate th[is] express state law prohibition on firearm possession...." *McLean,* 904 F.2d at 219. The general restoration of Herron's rights was necessarily subject to the provision that he could not possess a firearm without following the procedures outlined in § 61–7–7. Herron did not follow the procedures and did not have an order which complied with § 61–7–7. Consequently he is not entitled to the exemption in 18 U.S.C. § 921(a)(20). *See United States v. Etheridge,* 932 F.2d 318, 322 (4th Cir.) (involving a claim that a state judge granted defendant permission to possess firearms: "[Defendant] did not proceed under the Commonwealth statute ... to remove his disability, and his claim[ ] that the disability has been removed by ... statements by a Virginia state court judge are unavailing"), *cert. denied,* —— U.S. ——, 112 S.Ct. 323, 116 L.Ed.2d 264 (1991). Accordingly, we conclude that the district court erred in dismissing the § 922(g)(1) charge.[3]

**3.** We have considered Herron's remaining argu-

## III.

We reverse the dismissal order and remand the case to the district court with instructions to reinstate the indictment.

*REVERSED AND REMANDED WITH INSTRUCTIONS.*

ments on this issue and find them unpersuasive.