**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4939

BENNIE FLETCHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-5)

Submitted: July 28, 1998

Decided: August 10, 1998

Before HAMILTON and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott A. Curnutte, Elkins, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Zelda E. Wesley, Assistant United
States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Bennie Fletcher ("Fletcher") pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1998) ("§ 922(g)"). Pursuant to 18 U.S.C.A. § 924(e) (West 1994 & Supp. 1998) ("§ 924(e)"), the district court sentenced Fletcher to 180 months' imprisonment and sixty months of supervised release. Because we find no error in this sentence, we affirm.

Fletcher first contends that the court erred in using his 1974 California conviction for voluntary manslaughter as a predicate offense in sentencing him under § 924(e). Second, Fletcher contends that the court erred in considering two aggravated assault convictions as separate predicate offenses under § 924(e). We disagree with both arguments.

With regard to Fletcher's first argument, whether an offense qualifies as a predicate offense under § 924(e) is a question of law we review de novo.[1] In so doing, we also note that § 924(e) mandates a sentence of not less than fifteen years for a person who has violated § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." A violent felony under the statute is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . involves conduct that presents a serious potential risk of physical injury to another."[2]

Fletcher argues that his 1974 voluntary manslaughter conviction was not a "violent felony" because it was not a "crime punishable by imprisonment for a term exceeding one year." This is so, Fletcher contends, because "he retained his civil rights as a result of the manner in which his case was resolved in California."[3] In support of this contention, Fletcher cites 18 U.S.C. § 921(a)(20), which expressly

_____

**1** <u>See United States v. Morrell</u>, 61 F.3d 279, 280 (4th Cir. 1995).
**2** 18 U.S.C.A. § 924(e)(2)(B) (West 1994 & Supp. 1998).
**3** Appellant's Br. at 2.

excludes from the category of "crime[s] punishable by imprisonment for a term exceeding one year" any "conviction which has been expunged, or set aside or for which a person has been pardoned or has had his civil rights restored."**4** Fletcher asserts his civil rights were restored automatically as a result of what he contends was a stay of judgment in his 1974 trial for voluntary manslaughter in California.

However, the record discloses that Fletcher was not granted a stay of <u>judgment</u> in that prosecution. Rather, the California court stayed the execution of Fletcher's <u>sentence</u>.**5** Fletcher would, by his own admission,**6** then be required to petition the California court to have his rights restored with regard to that conviction. **7** Such action would not have been necessary had the court stayed its judgment.**8**

The court found that Fletcher presented no evidence that he sought restoration of his civil rights in California, and Fletcher does not dispute that finding.**9** Therefore, we find no error in the district court's conclusion that the offense was properly used as a predicate offense under § 924(e).

We are also unpersuaded by Fletcher's argument that the district court erred in treating two incidents of aggravated assault as separate predicate offenses for the purposes of § 924(e). Fletcher's only ground for so arguing is that "the aggravated assaults were substantively identical, the victims were related . . . the second offense . . . rose directly from the first . . . [and] the sentencing court . . . [c]onsolidated the cases and treated them identically."**10** We review such an issue <u>de novo</u>.**11**

_____

**4** 18 U.S.C.A. § 921(a)(20) (West Supp. 1998).
**5** J.A. at 82 (sealed).
**6** Appellant's Br. at 5.
**7** <u>**See id.**</u> at 4 (citing <u>Stephens v. Toomey</u>, 338 P.2d 182 (Cal. 1959)). We agree with Fletcher that <u>Toomey</u> controls here because we look to the law of the convicting state to determine whether civil rights have been restored subsequent to a state conviction. <u>See United States v. King</u>, 119 F.3d 290, 293 (4th Cir. 1997) (citation omitted).
**8** Appellant's Br. at 4.
**9** <u>**Id.**</u> at 5.
**10** <u>**Id.**</u> at 7.
**11** <u>**See United States v. Letterlough**</u>, 63 F.3d 332, 334 (4th Cir. 1995).

3

We find that the aggravated assaults were indeed two separate offenses: one occurred on August 13, 1976, and the other on August 31, 1976. Although the assaults may have arisen out of the same running dispute, they were clearly "`separate and distinct criminal episode[s].'"[12] Therefore, we find that the court properly considered the two assaults separate predicate offenses and decline to disturb its sentence on this ground.

Based on the foregoing, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

_____

[12] **United States v. Letterlough** , 63 F.3d 332, 335 (4th Cir. 1995) (quoting United States v. Hudspeth, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc) (emphasis omitted).

4