William C. BREWSTER,
Plaintiff–Appellant,

v.

Edward PEREZ, Warden,
Defendant–Appellee.

No. 01–5226.

United States Court of Appeals,
Sixth Circuit.

March 4, 2002.

Before MARTIN, Chief Judge; GILMAN, Circuit Judge; EDMUNDS,* District Judge.

PER CURIAM.

William Brewster, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). For the following reasons, we AFFIRM.

On August 12, 1995, Brewster was arrested by National Park Service officers for possession of a loaded firearm in a vehicle. Brewster pleaded guilty on February 13, 1996 to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 41 months imprisonment.

Brewster did not take a direct appeal. Instead, he filed several motions collaterally attacking his federal conviction. The first, a petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, was denied by the United States District Court for the Southern District of West Virginia and affirmed by the Fourth Circuit Court of Appeals. *See Brewster v. Olson,* No. 9806204, 1998 WL 390592 (4th Cir. June 22, 1998). In March of 1997, Brewster filed a motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255, raising similar arguments. Brewster's § 2255 motion was denied by the district court and affirmed by the Fourth Circuit Court of Appeals. *See United States v. Brewster,* Nos. 98–6638, 98–6964, 1998 WL 722557 (4th Cir. Oct. 15, 1998), *cert. denied,* 526 U.S. 1059, 119 S.Ct. 1374, 143 L.Ed.2d 533 (1999).

On January 20, 1999, the United States District Court for the Eastern District of Kentucky, the district where Brewster is incarcerated, denied Brewster's subsequent pro se petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. Relying on the Sixth Circuit's decision in *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999), the district court concluded that Brewster was improperly seeking to challenge his confinement and sentence under § 2241 when he had not shown that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention.

In his timely appeal, Brewster argues that he was "actually innocent" of his federal felon-in-possession conviction because:

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

(1) the face of his September 6, 1989 Official Certificate of Discharge states that all of his civil rights have been restored; and (2) to reach a contrary result by applying W. Va.Code § 67–1–1, which took effect after his 1987 guilty plea in state court, would constitute a violation of the ex post facto clause of the United States Constitution.

■■■ Upon *de novo* review, we conclude that the district court properly dismissed Brewster's habeas corpus petition filed under 28 U.S.C. § 2241. *See Chandler*, 180 F.3d at 755. The district court, in a well-reasoned opinion, properly determined that, despite Brewster's claims to the contrary, he cannot be found "actually innocent" of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), in light of the controlling law in the district and circuit courts where Brewster's conviction was obtained. *See Berger v. United States*, 867 F.Supp. 424, 430 (S.D.W.Va. 1994); *United States v. Herron*, 38 F.3d 115, 117–18 (4th Cir.1994); *United States v. Morrell*, 61 F.3d 279, 280–81 (4th Cir. 1995). Moreover, the Fourth Circuit Court of Appeals has examined claims similar to those raised by Brewster and has observed that "felons who receive a certificate of discharge on or after July 7, 1989, may not possess firearms without a separate order from a circuit court pursuant to the requirements of West Virginia Code § 61–7–7." *Morrell*, 61 F.3d at 281 n. 4. The Fourth Circuit has consistently observed that "when determining whether state law provides that a defendant's civil rights have been restored, the court must look 'to the whole of state law' and not just simply to the face of a certificate restoring to a defendant his civil rights." *United States v. Clark*, 993 F.2d 402, 403 (4th Cir.1993).

■■■ The district court also properly determined that, despite Brewster's claims to the contrary, the sentencing court's denial of his § 2255 motion did not render his remedy under that statute inadequate or ineffective to test the legality of his detention. *See Chandler*, 180 F.3d at 757. Brewster has had numerous opportunities to challenge his conviction and sentence on the ex post facto and other grounds discussed here. The mere fact that the courts have not found his arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir.1999). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Chandler*, 180 F.3d at 757.

For the foregoing reasons, we affirm the district court's dismissal of Brewster's petition for habeas corpus relief under § 2241.