# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0392** (Gilmer County 10-P-44)

**Lloyd Kendrick Stewart,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lloyd Kendrick Stewart, by counsel Joyce Helmick Morton, appeals from the "Opinion and Order Denying Petition for Restoration to Possess and Bear Firearm" entered by the Circuit Court of Gilmer County on February 22, 2012. The State, by counsel the Office of Attorney General, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 1981, the petitioner was convicted of the felonious offense of possession with the intent to deliver a Schedule I controlled substance, marijuana. He was sentenced to a term of one to five years imprisonment, which sentence was suspended. Petitioner was released on probation for four years.

Following the completion of the probationary period, the circuit court entered an order releasing petitioner from probation on October 2, 1985. This order contained the following language, "and all [petitioner's] rights and privileges are hereby restored to him."

Petitioner has had no further arrests or convictions. On September 28, 2010, he filed a petition for restoration of the right to possess a firearm under West Virginia Code § 61-7-7(c).[1]

---

[1] West Virginia Code § 61-7-7(c) states, in part:

[A]ny person prohibited from possessing a firearm by the provisions of subsection (a) of this section may petition the circuit court of the county in which he or she resides to regain the ability to possess a firearm and if the court finds by clear and convincing evidence that the person is competent and capable of exercising the responsibility concomitant with the possession of a firearm, the court may enter an order allowing the person to possess a firearm if such possession would not violate any federal law[.]

1

On November 8, 2010, the circuit court held a hearing at which petitioner's friends, co-workers, and clergy testified to his exceptional reputation in the community, good citizenship, charitable endeavors, and fitness to possess a firearm. On February 22, 2012, the court entered an order denying the petition and noted: "[f]ederal law prohibits a person convicted of a felony from possessing a firearm, unless all of the civil rights of that person have been restored." The court found petitioner's civil rights had not been fully restored because he does not possess the right to sit on a jury under state law.

On appeal, petitioner argues that the circuit court's interpretation of the statute renders West Virginia Code § 61-7-7(c) without any force or effect and defeats the Legislative intent of the statute. Petitioner contends the statute was promulgated to provide an avenue whereby an individual who has rehabilitated himself may be entitled to restoration of his right to possess firearms.

In response, the State contends that the remedy set forth in West Virginia Code § 61-7-7(c) is limited and remains available to a convicted felon whose conviction has been reversed, expunged, or pardoned. The State notes that petitioner would be entitled to file a petition for expungement pursuant to West Virginia Code § 61-11-26, as his felony was committed when he was eighteen years of age.

We articulated the controlling standard of review for rulings issued by a circuit court in Syllabus Point 2 of *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997):

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Mindful of these principles, we address the issue raised on appeal.

Under West Virginia law, a convicted felon may not possess a firearm. It is undisputed that petitioner is a convicted felon and, therefore, a prohibited person under § 61-7-7(a)(1).[2] Notwithstanding the prohibition, the Legislature has provided a means whereby a convicted felon may, in some circumstances, be entitled to restoration of his right to possess firearms. The framework for restoration is set forth in West Virginia Code § 61-7-7(c).

To determine whether the petitioner's possession of a firearm would violate federal law,

---

[2]The prohibition set forth in West Virginia Code § 61-7-7(a)(1) states:

(a) Except as provided in this section, no person shall possess a firearm, as such is defined in section two of this article, who:
   (1) Has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. . . .

2

we examine two federal statutes, 18 U.S.C. § 922(g)(1), which makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm, and 18 U.S.C. § 921(a)(20), which provides the following limited exception to the prohibition:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

The central issue in this case is whether the petitioner fits within the limited exception of 18 U.S.C. § 921(a)(20). If he does not, then his possession of a firearm would violate federal law even if possession were lawful under state law. *United States v. King*, 119 F.3d 290, 293 (4th Cir. 1997)(even though North Carolina law permits a convicted felon to possess a firearm and ammunition in his home, "[w]hen civil rights have not been restored, the [state law] right to possess a firearm is immaterial"). *See also United States v. Thomas*, 991 F.2d 206, 214 (5th Cir. 1993) ("[i]n the absence of the restoration of essentially all civil rights of the convicted felon . . . [his] isolated [state law] right to possess a firearm is of no import whatsoever").[3]

Petitioner appears to acknowledge that the 1985 order, which provided that "all his rights and privileges are hereby restored to him," is not sufficient to bring him within the language of § 921(a)(20). In *United States v. Herron,* 38 F.3d 115, 118 (4th Cir. 1994), citing *United States v. McLean*, 904 F.2d 216, 219 (4th Cir.), *cert denied*, 498 U.S. 875 (1990), the United States Court of Appeals for the Fourth Circuit held that "[West Virginia Code] § 61-7-7 'expressly provides' that a convicted felon may not possess a firearm. The broad wording of [a probation] discharge order cannot 'negate th[is] express state law prohibition on firearm possession. . . .'"

The "civil rights" to which § 921(a)(20) refers are "those which most states extend by virtue of citizenship within their borders:  (i) the right to vote; (ii) the right to hold elective office; and (iii) the right to sit on a jury." *McGrath v. United States*, 60 F.3d 1005, 1007 (2nd Cir. 1995), citing *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990). The first two rights are not at issue in this case.[4]

In determining whether the petitioner has the right to sit on a jury, we look to West Virginia Code § 52-1-8, "Disqualification from jury service," which provides, in pertinent part:

---

[3]It is undisputed that the petitioner's 1981 conviction has not been expunged or set aside, and he has not received a pardon. Therefore, the only relevant language at issue in 18 U.S.C. § 921(a)(20) is the language involving restoration of his civil rights.

[4]In West Virginia, a convicted felon regains his or her right to vote after completion of his sentence, W.Va. Const., art IV, § 1.  Further, most convicted felons regain their right to run for most elective offices, W.Va. Const., art VI, § 14; West Virginia Code § 6-5-5; *Webb v. County Court of Raleigh County*, 113 W.Va. 474, 168 S.E. 760 (1933).

> (b) A prospective juror is disqualified to serve on a jury if the prospective juror:
>
> . . .
>
> (5) Has lost the right to vote because of a criminal conviction; or
>
> (6) Has been convicted of perjury, false swearing or other infamous offense.

This Court has interpreted the phrase "infamous offense" to mean any felony under West Virginia law because it is punishable by imprisonment in the penitentiary. *State v. Bongalis*, 180 W.Va. 584, 378 S.E.2d 449 (1989).[5] Therefore, the petitioner is disqualified from serving on a jury by reason of his felony conviction.

Consequently, the petitioner cannot claim the restoration of all his civil rights. In *United States v. Morrell*, 61 F.3d 279, 281 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit held that the loss of the right to sit on a jury "precludes a finding of a substantial restoration of civil rights necessary to satisfy § 921(a)(20)." Accordingly, we find that the circuit court did not err in denying the petition for restoration to possess and bear a firearm.

Based on the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Allen H. Loughry II

---

[5]*See also Berger v. United States*, 867 F.Supp. 424, 428, 430 (S.D. W.Va. 1994)(holding that a disqualification under West Virginia Code § 52-1-8(b)(6) is permanent).