UNITED STATES of America,
Plaintiff–Appellee,

v.

Randy METZGER, Defendant–Appellant.

No. 92–6941.

United States Court of Appeals,
Fourth Circuit.

Argued March 29, 1993.

Decided Aug. 30, 1993.

Kelly T. Currie, Third Year Law Student, Earl C. Dudley, Jr., Post Conviction Assistance Project, University of Virginia School of Law, Charlottesville, VA, argued, for defendant-appellant.

David J. Horne, Sr. Atty., Asst. Chief Counsel Office, Bureau of Alcohol, Tobacco & Firearms, Cincinnati, OH, argued (Richard Cullen, U.S. Atty., N. George Metcalf, Asst. U.S. Atty., Richmond, VA, on the brief), for plaintiff-appellee.

Before PHILLIPS and NIEMEYER, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

Randy Metzger appeals the denial of his motion to vacate or set aside his conviction for being a felon in possession of a firearm. The sole issue raised is whether Michigan law restores a felon's civil rights upon his or her release from prison—an issue upon which the Sixth and Ninth Circuits have issued conflicting decisions. *Compare United States v. Driscoll,* 970 F.2d 1472 (6th Cir.1992) (no restoration of rights), *cert. denied,* —— U.S. ——, 113 S.Ct. 1056, 122 L.Ed.2d 362 (1993), *with United States v. Dahms,* 938 F.2d 131 (9th Cir.1991) (substantial restoration). For the reasons given below, we affirm.

### I

In May 1990 a jury convicted Metzger of, *inter alia,* two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. These charges were predicated on a 1979 Michigan felony conviction. He was sentenced to several 12– and 24– month terms of imprisonment, to be served concurrently and to be followed by three years of supervised release.

This court dismissed Metzger's subsequent appeal upon agreement of the parties. *United States v. Metzger,* No. 90–5521 (4th Cir. Dec. 7, 1990). Metzger then filed an *in forma pauperis* motion to vacate or set aside his conviction under 28 U.S.C. § 2255. He contended that he had received ineffective assistance of counsel and that he was wrongly subjected to prosecution under § 922(g)(1), because the civil rights revoked upon his conviction for the Michigan felony had been restored upon his release under the law of that state. 18 U.S.C. § 921(a)(20); *United States v. Essick,* 935 F.2d 28 (4th Cir.1991).

The district court denied the motion after Metzger was released from prison and had

begun his term of supervised release. *United States v. Metzger,* No. 90–00037–01–R (E.D.Va. Aug. 17, 1992). This appeal followed.

### II

Metzger contends that his § 921(g) "conviction and punishment [were] for an act that the law does not make criminal.... There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255." *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). Before discussing that contention, we must determine the appropriate standard of review in light of Metzger's waiver of direct appeal and the government's failure to raise that waiver as a procedural bar to his § 2255 motion.

Although 28 U.S.C. § 2254(b) conditions habeas relief upon state prisoners' exhaustion of state direct appeal and collateral review remedies, § 2255 imposes no parallel requirement that federal prisoners pursue direct appeal, instead allowing such motions to be filed "at any time." Nevertheless, the Supreme Court has held that the government's "interest in the finality of its criminal judgments" warrants a stringent cause-and-prejudice standard of review for § 2255 movants who waive their right of direct appeal. *United States v. Frady,* 456 U.S. 152, 166, 167–68, 102 S.Ct. 1584, 1593, 1594, 71 L.Ed.2d 816 (1982).

Here, the government failed to vindicate that interest. Instead of raising the issue of Metzger's waiver of appeal, the government acquiesced in his contention that the appropriate standard of review is *de novo.*[1] *See United States v. Haynes,* 961 F.2d 50 (4th Cir.1992) (whether defendant is a convicted felon within meaning of §§ 921(a)(20) and 922(g)(1) is question of law); Government Br. at 3. Other circuits have held such acquiescence to constitute, in effect, a waiver of the waiver. *United States v. Hicks,* 945

---

1. We note that Metzger foreclosed any finding of *Frady* cause-and prejudice by this court when he

failed to raise his ineffective assistance claim on appeal.

F.2d 107, 108 (5th Cir.1991); *United States v. Hall,* 843 F.2d 408, 410 (10th Cir.1988); *cf. United States v. Pollard,* 959 F.2d 1011, 1019 (D.C.Cir.), *cert.* denied, — U.S. ——, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992).

The instant case does not, of course, raise the comity and federalism concerns implicated by § 2254 petitions, *see Fields v. Attorney Gen. of Maryland,* 956 F.2d 1290, 1294 n. 10 (4th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992). Nor do any unique interests in "judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice" militate against our addressing on the merits the single issue raised on this appeal. *Hines v. United States,* 971 F.2d 506, 509 (10th Cir.1992) (approving exercise of discretionary authority to raise *Frady* defense *sua sponte* ). Consequently, we turn directly to that issue.

■ Section 922(g)(1) forbids any person convicted of a felony "to ship or transport ... or possess ... or to receive any firearm." But a violation of § 922(g) cannot be predicated on a felony conviction for which a person's civil rights have been restored, unless that restoration "expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). The term "civil rights" denotes "those rights accorded to an individual by virtue of his citizenship in a particular state," comprising the rights to vote, to hold public office, and to serve on a jury. *United States v. Cassidy,* 899 F.2d 543, 549 (6th Cir.1990).

■ The restoration of civil rights need not be complete, but it must be substantial. *Id.; see also United States v. Clark,* 993 F.2d 402, 405 (4th Cir.1993) ("requiring *effective,* not merely formal, restoration of rights to render a prior conviction unavailable for consideration" under § 921(a)(20)) (emphasis in original). The question whether a defendant

received substantial restoration of his civil rights is determined by "the laws of the jurisdiction in which such purported predicate conviction occurred." *Essick,* 935 F.2d at 30.[2] Courts must look to "the whole of state law" in deciding the question. *United States v. McLean,* 904 F.2d 216, 218 (4th Cir.), *cert. denied,* 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990).

■ "The whole of" Michigan law has generated substantial conflict on this issue—not only inter-circuit conflict, *compare Driscoll,* 970 F.2d 1472 *with Dahms,* 938 F.2d 131, but also intra-circuit conflict, *United States v. Tinker,* 985 F.2d 241, 244–45 (6th Cir.1992) (Martin, J., concurring in the judgment because bound by *Driscoll,* but citing the *Driscoll* dissent, 970 F.2d at 1486–90, in calling for that decision's *en banc* reconsideration), *cert. denied,* — U.S. ——, 113 S.Ct. 1872, 123 L.Ed.2d 491 (1993), as well as intra-district conflict, *compare United States v. Butler,* 788 F.Supp. 944 (E.D.Mich.1991) (no restoration), *with United States v. Gilliam,* 778 F.Supp. 935 (E.D.Mich.1991) (complete restoration), *rev'd, Driscoll,* 970 F.2d at 1478.

Relying on the reasoning of the *Driscoll* majority, the district court denied Metzger's § 2255 motion on the basis that Michigan had not restored his right to serve on a jury.[3] J.A. 16–19. It is conceded that Michigan disqualifies from jury service anyone "*under sentence* for a felony at the time of jury selection." Mich.Comp.Laws Ann. § 600.-1307a(1)(e) (1981 & Supp.1992) (emphasis added). The *Dahms* and *Gilliam* courts interpreted that statute as restoring a felon's right to serve as a juror upon completion of his or her sentence. *Dahms,* 938 F.2d at 134; *Gilliam,* 778 F.Supp. at 937.

The *Driscoll* majority rejected that interpretation, invoking the Michigan Court Rules, which operate with the force of law in that state and make a felony conviction

---

2. Before the trial court, Metzger stipulated to his conviction for the 1979 Michigan felony. The record does not show whether that stipulation encompassed the conviction's continued vitality under § 921(a)(20). Even if it did, Metzger is free on appeal to challenge the stipulation "by showing, for instance, that it was wrong...." *United States v. Reedy,* 990 F.2d 167, 169 (4th

Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 210, — L.Ed.2d — (1993).

3. The government apparently concedes that the restoration of the rights to vote and hold public office are restored, respectively, by Mich.Comp. Laws Ann. §§ 168.758b and 168.938; *see also Driscoll,* 970 F.2d at 1476.

grounds for a for-cause challenge to a prospective juror. Mich.Ct.R. 2.511(D)(2) (1991). It is "mandatory that the court excuse a juror who falls under one of the enumerated grounds for challenge" when a party so moves. *McNabb v. Green Real Estate Co.*, 62 Mich.App. 500, 233 N.W.2d 811, 814 (1975). The rules also direct—although they do not *require*—courts to excuse convicted felons *sua sponte* from jury panels in criminal cases once that ground for exclusion is established. Mich.Ct.R. 6.412(D)(2) & staff comment. The *Driscoll* majority concluded that under "Michigan law, [Driscoll] would be automatically dismissed from jury service once either party brought his former conviction to the attention of the court in either a civil or criminal case," and therefore held that the state had not restored his right to serve as a juror. 970 F.2d at 1479.

The majority spurned the argument, raised anew before this court by Metzger, that the Court Rules neither disqualify Michigan felons from jury service, nor restrict their rights to serve so severely as to render the restoration "*de minimis*" under *Cassidy*, 899 F.2d at 549. *Compare* 970 F.2d at 1478 *with id.* at 1487–88 (Jones, J., dissenting) *and Tinker*, 985 F.2d at 244 (Martin, J., concurring). The argument is that § 600.-1307a establishes juror qualifications; under that section, felons are disqualified only while under sentence; upon release, felons may serve unless challenged for cause, or unless trial courts elect to follow Rule 6.412(D)(2)'s directive—not mandatory—prescription for excusing them.

Like the *Driscoll* majority, we find the argument unpersuasive. As a practical matter, convicted felons attempting to serve in a criminal case are unlikely to survive the gauntlet of the for-cause challenge and the trial court's exercise of *sua sponte* exclusionary authority. Of course, in civil proceedings a prospective juror's felony conviction raises a much less obvious risk of prejudicial taint and consequently may draw the for-cause challenge less frequently—but when it does, the court has no discretion to deny the challenge. The district court correctly found these barriers to jury service to preclude a finding of the substantial restoration of civil rights necessary to satisfy § 921(a)(20) and to avoid a § 922(g) conviction.

Deciding the case on that basis, we decline (as did the district court) to decide whether denial is warranted on the alternative § 921(a)(20) ground that Michigan's restoration of rights "expressly provides that the felon may not ship or possess firearms." *Driscoll*, 970 F.2d at 1480–82. Finally, we reject Metzger's invocation of the rule of lenity in this case. We find § 922(g)'s proscription against firearm possession by felons is sufficiently clear on its face as to put potential violators on notice, rendering application of the rule inappropriate. *Cf. Driscoll*, 970 F.2d at 1481–82.

**AFFIRMED.**