**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-7244

JERRY LEE PULLEN, a/k/a Joseph
Davis,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-7599

JERRY LEE PULLEN, a/k/a Joseph
Davis,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-90-88, CA-96-479-5-1-BR)

Submitted: April 21, 1998

Decided: June 22, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Jerry Lee Pullen, Appellant Pro Se. Bruce Charles Johnson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry Lee Pullen appeals the district court's order granting his motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), which overturned his conviction under 18 U.S.C. § 924(c) (1994), but failed to address his challenges to his supervised release. Pullen also appeals the denial of his Fed. R. Civ. P. 60(b) motion for relief. We find that the district court correctly refused to grant Pullen credit toward his supervised release sentence for time served in prison on the vacated conviction. However, we also conclude that the sentencing court erred in imposing the original sixty-month term of supervised release. Accordingly, we grant a certificate of appealability, affirm in part, vacate in part, and remand for resentencing.

Pullen pled guilty to possession with the intent to distribute cocaine[1] and use of a firearm during a drug trafficking crime.[2] In April 1991, the court sentenced Pullen to twenty-one months imprisonment to be followed by a sixty-month term of supervised release for the drug trafficking offense; for the firearms offense, the court sentenced Pullen to serve sixty months imprisonment to be followed by thirty-six months of supervised release. The imprisonment terms were ordered to run consecutively, while the supervised release terms were ordered

_____

[1] **See** 21 U.S.C. § 841(a)(1) (1994).
[2] **See** 18 U.S.C. § 924(c) (1994).

2

to run concurrently. Pullen was scheduled to be released from federal prison on August 12, 1996. Pullen did not appeal his conviction or sentence.**3**

In his pro se § 2255 motion, Pullen sought to vacate his § 924(c) conviction by asserting that the evidence was insufficient under Bailey v. United States, 516 U.S. 137 (1995), to support his conviction. Pullen also requested that the supervised release term imposed on the § 841 drug trafficking conviction be reduced by the amount of time he served on the allegedly invalid § 924(c) conviction. Further, Pullen asserted that the sixty-month supervised release term, which was imposed as part of the drug trafficking conviction, was excessive.

Based on the Government's concession that the evidence was insufficient under Bailey to support Pullen's § 924(c) conviction, the district court granted Pullen's § 2255 motion, ordering his immediate release from confinement. But the court did not address Pullen's supervised release claims. With the aid of counsel, Pullen filed a Rule 60(b) motion challenging his sixty-month term of supervised release. The Government did not respond. The district court denied Pullen's request for supervised release credit, concluding that it was statutorily precluded by 18 U.S.C.A. § 3624(e) (West 1994 & Supp. 1998), from providing such relief. Further, the court declined to address Pullen's excessive supervised release claim, finding that Pullen had not reasserted this claim in his reply to the Government's response to his § 2255 motion.

On appeal, Pullen first asserts that he is entitled to a reduction in his supervised release term. When the district court overturned Pullen's § 924(c) conviction, he had served more than seventy months of the total eighty-one month sentence, completing the twenty-one month sentence imposed on the drug trafficking conviction. Pullen seeks to have the fifty months served on the invalid firearms conviction deducted from the remaining sixty-month supervised release

_____

**3** Pullen stated that he "did not appeal imposition of sentence based on plea of guilty and due to advise [sic] of counsel that no grounds existed for which to support an appeal." In his plea agreement he waived his right to challenge his conviction and sentence, either on direct appeal or collaterally.

term, asserting that his term of supervised release should have been deemed to begin on the day he would have been released after completing the twenty-one month sentence.

The district court correctly concluded that a prisoner's term of supervised release does not begin until he has been released from prison and cannot run while the prisoner is incarcerated.**4** Accordingly, we affirm the district court's order refusing to award credit toward Pullen's supervised release term.

Next, Pullen asserts that the sixty-month supervised release term is improper because it exceeds the three-year statutory maximum.**5** Pullen contends that he should be resentenced to a thirty-six month term of supervised release. Pullen pled guilty to possession with the intent to distribute cocaine, a Class C felony.**6** For Class C felony convictions, sentencing courts are required to impose a supervised release term of <u>at least</u> three years, in addition to the term of imprisonment.**7** The statutory maximum term of supervised release is set as follows: "Except as otherwise provided, the authorized term[ ] of supervised release . . . for a Class C . . . felony, [is] <u>not more than</u> three years."**8** The maximum and minimum supervised release term for Class C felony convictions is three years.**9** Accordingly, Pullen must be resentenced as to the supervised release term on his§ 841 conviction.

_____

**4** <u>See</u> 18 U.S.C.A. § 3624(e).
**5** Although Pullen did not challenge the imposition of the sixty-month supervised release term on direct appeal, we find that his claim is properly before this court. <u>See United States v. Wynn</u>, 987 F.2d 354, 359 (6th Cir. 1993) ("Sentencing [the defendant] beyond the statutory maximum plainly violated his right to due process under the[F]ifth [A]mendment to the United States Constitution."); <u>United States v. Metzger</u>, 3 F.3d 756, 757-58 (4th Cir. 1993) (holding that Government's failure to argue for cause-and-prejudice review under <u>United States v. Frady</u>, 456 U.S. 152, 166, 167-68 (1982), precludes the Government from asserting a waiver argument and allows appellate court to reach merits).
**6** <u>See</u> 18 U.S.C. § 3559(a)(3) (1994); 21 U.S.C. § 841(b)(1)(C) (1994).
**7** <u>See</u> 21 U.S.C. § 841(b)(1)(C).
**8** 18 U.S.C. § 3583(b)(2) (1994) (emphasis added).
**9** <u>**See United States v. Good**</u>, 25 F.3d 218 (4th Cir. 1994) (holding that 18 U.S.C. § 3583(b)(1) sets the maximum term of supervised release that may be imposed under 21 U.S.C. § 841(b)(1)(B) (1994)).

We affirm the district court's orders that overturned Pullen's § 924(c) conviction and declined to award him credit toward his supervised release term for the time he spent in prison on the vacated § 924(c) conviction. Further, we vacate that part of the district court's order that denied relief on Pullen's excessive supervised release claim and remand for the district court to resentence Pullen to thirty-six months of supervised release. We deny Pullen's motion to expedite the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART

5