**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 97-6800

WAYNE LEE BATES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-86-60-R, CA-95-1223)

Argued: December 1, 1998

Decided: January 8, 1999

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge,
and HILTON, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Reversed, vacated, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sara Elizabeth Parshall, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Char-
lottesville, Virginia, for Appellant. Julie C. Dudley, Assistant United
States Attorney, Roanoke, Virginia, for Appellee. **ON BRIEF:** Neal
L. Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW
APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for

Appellant. Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wayne Lee Bates brought this action pursuant to 28 U.S.C.A. § 2255 (West 1994)[1], seeking to set aside his convictions on multiple counts of transporting forged traveler's checks, see 18 U.S.C.A. § 2314 (West Supp. 1998), two counts of transporting a stolen motor vehicle, see 18 U.S.C.A. § 2312 (West Supp. 1998), and conspiracy to commit these crimes, see 18 U.S.C.A.§ 371 (West 1966 & Supp. 1998). The district court refused to grant relief under section 2255, and Bates appeals. We reverse and vacate Bates' convictions on six of the seven counts of transporting forged traveler's checks. On the remaining count, we remand for resentencing.

I.

In July 1986, Bates escaped from jail in Kentucky and traveled to Tennessee, where he murdered Julia Guida and stole her rental car and twelve American Express traveler's checks belonging to her.[2] Following the murder, with all the checks in his possession, Bates picked up two hitchhikers in Tennessee and drove through Virginia

_____

[1] Bates filed his section 2255 petition in November 1995 and amended his motion on April 9, 1996, before the enactment of the Antiterrorism and Effective Death Penalty Act. The Act's amendments to section 2255, see 28 U.S.C.A. § 2255 (West Supp. 1998), do not apply to this action, see Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

[2] Bates subsequently confessed, during the course of a separate state proceeding, to committing these acts.

into Maryland where he was eventually arrested. While the trio was in Virginia, one of the hitchhikers forged Guida's signature on seven of the traveler's checks and negotiated them in five cities in Virginia.[3]

Bates was indicted on seven counts of transporting stolen traveler's checks in interstate commerce in violation of 18 U.S.C.A. § 2314 -- one count for each check negotiated in Virginia. [4] Additionally, Bates was indicted on two counts of interstate transportation of a stolen vehicle in violation of 18 U.S.C.A. § 2312, and on one count of conspiracy with respect to these substantive charges. Bates pled not guilty but was convicted on each count of the indictment. He received a sentence of five years to run consecutively on each substantive count under 18 U.S.C.A. § 2314. Likewise, Bates received five consecutive years on the two counts of transporting a stolen motor vehicle in violation of 18 U.S.C.A. § 2312, which were consolidated for sentencing. Additionally, he was sentenced to five years on the conspiracy count, also to run consecutively to the substantive counts. In total, Bates was sentenced to forty-five years' federal time, running consecutively to his state murder and larceny sentences.

On direct appeal, this court affirmed Bates' multiple convictions. See United States v. Bates, No. 88-5053, slip op. (4th Cir. Nov. 28, 1988) (per curiam) (unpublished). He then sought collateral review under 28 U.S.C.A. § 2255, raising a plethora of issues for the district court's consideration. For purposes of this appeal, only one claim deserves mention. Bates asserted that because he simultaneously transported the traveler's checks as a group from Tennessee to Virginia, he committed only one offense rather than seven separate violations of 18 U.S.C.A. § 2314. The district court rejected this claim, concluding that Bates committed a separate act of illegal transportation each time a forged signature was affixed to one of the stolen instruments. The district court granted summary judgment to the government on all of Bates' claims and dismissed the action.

---

[3] Two checks were cashed in Abingdon; two in Harrisonburg; one in Wytheville; one in Staunton; and one in Mt. Jackson.
[4] The indictment also charged Bates with transporting a stolen traveler's check from Tennessee to New York, but this count was dismissed by the government prior to trial.

3

On appeal, Bates raises a single issue: whether the district court erred in sentencing Bates for multiple violations of 18 U.S.C.A. § 2314. Bates contends that under United States v. Squires, 581 F.2d 408 (4th Cir. 1978), his convictions on multiple counts of interstate transportation of forged traveler's checks ran afoul of the double jeopardy clause of the Fifth Amendment. As he argued to the district court, Bates maintains on appeal that he committed only one violation under 18 U.S.C.A. § 2314 because he transported the forged traveler's checks together as one group across state lines. In response, the government concedes that with respect to the two checks that were negotiated at the same location in Abingdon, only one offense occurred; likewise, it concedes that only one offense occurred when two checks were negotiated at the same location in Harrisonburg. Therefore, the government urges us to conclude that Bates committed five separate violations of 18 U.S.C.A. § 2314. We agree with Bates that circuit precedent constrains us to find that he committed only one violation of 18 U.S.C.A. § 2314.

II.

A.

Before reaching the merits of Bates' double jeopardy claim, we first briefly address whether the claim is properly before us in this § 2255 proceeding. The government argued to the district court that Bates defaulted this constitutional claim because he failed to raise it on direct appeal. Although the district court apparently concluded that Bates failed to demonstrate cause and prejudice for his failure to raise the claim on direct appeal, see J.A. 130, it nevertheless directly addressed the merits of Bates' claim. J.A. 120-24. On appeal, the government has not advanced its default argument, either in its brief or at oral argument. In effect, the government has acquiesced in Bates' contention that his claim should be reviewed de novo rather than under a cause-and-prejudice standard of review. Accordingly, we conclude that the government has waived this argument and that it is appropriate for us to consider the merits of this issue. See United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993).

B.

Under 18 U.S.C.A. § 2314, "[w]hoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any traveler's

4

check bearing a forged countersignature ... [s]hall be fined under this title or imprisoned not more than ten years, or both." The jurisdictional element of this offense may be established by one of two methods, or both. The government may demonstrate that the defendant actually transported the forged instrument from one state to another, or it may show that the defendant caused the forged instrument to move in interstate commerce by initiating the negotiation process. See Squires, 581 F.2d at 411. It is a well-rooted proposition in this circuit that if the indictment charges transportation by the former method only, then "a person [commits] only one offense [under 18 U.S.C.A. § 2314] by transporting as a group any number of counterfeit securities in interstate or foreign commerce." Squires, 581 F.2d at 411 (relying on Castle v. United States, 368 U.S. 13 (1961)).

Here, as in Squires, the indictment charged Bates with transporting the forged traveler's checks from Tennessee to Virginia as opposed to causing the traveler's checks to be transported in interstate commerce through the subsequent check-clearing process. Therefore, since the indictment "defines the case against[Bates]," id., the government was limited to establishing that Bates actually transported the checks in interstate commerce. It is uncontroverted that Bates carried the seven forged traveler's checks together as a group across state lines, which amounts to only one offense rather than seven under Squires. Indeed, we are unable to distinguish our case from Squires in any material way, where Squires was deemed to have committed only one offense under 18 U.S.C.A. § 2314 by physically taking five counterfeit cashier's checks from Norfolk, Virginia to Freeport, Grand Bahamas and cashing them there at different times. See id. at 410-12. As here, the indictment in Squires charged that the defendant had actually transported the counterfeit instruments in foreign commerce, and it was undisputed that he carried them together as a group in a single transportation. See id. at 411-12.

We conclude that Bates committed only one offense in transporting these seven forged traveler's checks from Tennessee to Virginia. Therefore, the imposition of consecutive five-year terms of imprisonment for each of the checks violated Bates' rights under the double jeopardy clause of the Fifth Amendment.

5

III.

We hold that Bates' convictions must be vacated on six of the seven substantive counts of transporting forged traveler's checks in violation of 18 U.S.C.A. § 2314. Accordingly, we reverse and vacate Bates' convictions on counts three through eight of the indictment. On the sole remaining count of transporting forged traveler's checks -- count two of the indictment -- we remand for the district court to resentence Bates in light of this decision. We express no opinion on whether Bates should receive a sentence that is greater, lesser, or equivalent to the five-year sentence he originally received on this count.

<u>REVERSED, VACATED AND REMANDED</u>

6