**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-4005**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD JACKSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-98-212)

---

Submitted: October 21, 1999      Decided: October 26, 1999

---

Before WIDENER and TRAXLER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Brent A. Jackson, JACKSON, PICKUS & ASSOCIATES, Richmond, Virginia, for Appellant. Michael Cornell Wallace, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Jackson pled guilty to possession of five grams or more of cocaine base with intent to distribute, <u>see</u> 21 U.S.C. § 841(a) (1994), and was sentenced to a term of 188 months imprisonment. Jackson has appealed the judgment. We affirm the conviction and sentence.[*]

Jackson's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's imposition of a career offender sentence. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4B1.1 (1998). Because Jackson had two prior felony convictions for distribution of a controlled substance, we find no error.

Pursuant to <u>Anders</u>, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

---

[*] Although Jackson waived his right to appeal the sentence under the terms of his plea agreement, the government has failed to assert the waiver as a bar to the appeal, in effect waiving the waiver. <u>See</u> <u>United States v. Metzger</u>, 3 F.3d 756, 757-58 (4th Cir. 1993).

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED