UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

LENZIE LEE MURRAY, JR., a/k/a
Pepsi,
    *Defendant-Appellant.*

No. 00-4746

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-96-157)

Submitted: April 30, 2001

Decided: June 11, 2001

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mark J. Petrovich, MARTIN, ARIF, PETROVICH & WALSH,
Springfield, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Thomas M. Hollenhorst, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lenzie Lee Murray, Jr., pled guilty in 1996 to conspiracy to possess one kilogram or more of heroin with intent to distribute, 21 U.S.C. § 846 (1994). He was sentenced to a term of 292 months imprisonment. Murray appealed the district court's denial of his motion to withdraw his guilty plea and also the three-level adjustment he received under the sentencing guidelines for being a manager or supervisor in the conspiracy. The government recommended resentencing because it appeared that the district court might have relied on information protected under the cooperation provision in Murray's plea agreement in determining that the role adjustment was warranted. *U.S. Sentencing Guidelines Manual* § 1B1.8 (1995). We affirmed the conviction but remanded for resentencing with directions that the district court reconsider Murray's role in the conspiracy.[1] *United States v. Murray*, No. 96-4864 (4th Cir. Feb. 23, 1998) (unpublished).

Murray also characterized as an error the district court's two-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm during the offense, but did not raise the enhancement as an issue or make any argument concerning it. The opinion addressed the enhancement in a footnote, finding that, because the district court had based its determination on the Statement of Facts incorporated into Murray's plea agreement and reproduced in the presentence report (information that was not protected), the ruling need not be reexamined.[2]

---

[1]Murray notes here that the opinion stated that he contested only the role adjustment at sentencing. Although inaccurate, this statement did not affect the outcome of the appeal.

[2]In the Statement of Facts, Murray agreed that the government could prove that, in December 1995, he possessed a handgun that was used and possessed in connection with the conspiracy. The gun was hidden in a compartment in his car, and was discovered after his arrest in December 1995. The arrest occurred while the charged conspiracy was ongoing;

On remand, the government withdrew its recommendation for a role adjustment, and the district court eliminated it, imposing a sentence of 210 months imprisonment. Murray again contested the weapon enhancement. The district court found that this court had already ruled on the issue, and that the enhancement was warranted based on the Statement of Facts attached to the plea agreement. No appeal was filed from the resentencing, but two years later the district court granted Murray relief on his motion under 28 U.S.C.A. § 2255 (West Supp. 2000), in which he alleged that his attorney had been ineffective in failing to note an appeal. The district court vacated the prior judgment and resentenced Murray at a hearing where he appeared with new counsel and again raised the issue of the weapon enhancement. The district court stated that it was satisfied that this court had ruled on the issue, and that further litigation of it was foreclosed. The court reimposed the 210-month sentence. Murray appeals.

The government asserts that the waiver of appeal rights in Murray's plea agreement bars this appeal. However, the government failed to assert the waiver in Murray's first appeal, and thus waived the waiver. *United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993). We need not determine whether the government may raise it to bar a second appeal because the issue on which Murray seeks review was not properly before the district court at the resentencing.

A resentencing on remand is de novo unless it is specifically limited by the mandate of the court of appeals. *United States v. Broughton-Jones*, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995) (following *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993) (applying mandate rule)). An issue that has been expressly or impliedly decided by the appeals court may not be relitigated on remand unless (1) the control-

---

Count One charged that the conspiracy continued from 1988 to April 1996. Evidence that the defendant possessed a weapon during the commission of the offense is sufficient to warrant an enhancement under § 2D1.1(b)(1). *United States v. Apple*, 962 F.2d 335, 338 (4th Cir. 1992). Murray entered his guilty plea after acknowledging that the information contained in the Statement of Facts was correct. The plea agreement precluded the use of any information Murray provided thereafter, pursuant to the agreement, but did not preclude the district court from considering information contained in the Statement of Facts to enhance Murray's sentence.

ling legal authority has changed dramatically, (2) significant new evidence not available earlier has been obtained, or (3) a blatant error in the prior decision will result in serious injustice unless corrected. *Bell*, 5 F.3d at 67. The 1998 opinion of this court that remanded Murray's case for resentencing found (albeit in a footnote because the issue was not directly presented) that the district court's finding concerning the weapon enhancement was based on the Statement of Facts attached to the plea agreement and that, to the extent that the issue was before the court, the district court's decision need not be disturbed. The opinion specified that the case was being remanded for reconsideration of Murray's role in the conspiracy. This language limited the scope of the resentencing to that issue. Murray was thus foreclosed from relitigating the weapon enhancement at the first resentencing. *Bell*, 5 F.3d at 66.

At the April 1998 resentencing, the district court afforded Murray the relief he sought concerning his role in the conspiracy. When Murray raised the issue of the weapon enhancement, the district court found that this court had already ruled on the issue. After the district court granted relief on Murray's § 2255 motion in August 2000, Murray was entitled only to re-entry of the judgment so that he could file a timely appeal from the sentence imposed in April 1998.[3] *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (vacating judgment and remanding for entry of "new judgment from which an appeal can be taken").

Having previously determined that the district court did not clearly err in making the weapon adjustment, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Because Murray had convinced the district court to remove the role adjustment, the only issue properly before the district court on remand, there was nothing for him to appeal.