**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JAMIE LAMONT WEAVER,
    *Defendant-Appellant.*

No. 02-4433

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-02-4)

Submitted: April 22, 2003

Decided: May 23, 2003

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Brian Gay, THE B & G LAW GROUP, P.C., Virginia Beach, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jamie Lamont Weaver pled guilty to possessing with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a), (b)(1)(B) (2000). He appeals his sentence of eighty-four months imprisonment, alleging that the district court erred in determining his criminal history. We affirm.*

Weaver's ten criminal history points placed him in category V. Weaver filed no objections to the presentence report, but argued at the sentencing hearing that two sentences for juvenile convictions had erroneously been counted. After his attorney reviewed the probation officer's records, the objection was withdrawn. In his statement to the court, Weaver alleged that he was not the person who committed the offenses of speeding and driving without an operator's license listed in Paragraph 21 of the presentence report. The district court reminded Weaver that the evidence obtained by the probation officer confirmed the convictions.

Weaver now alleges that one criminal history point was incorrectly awarded for the sentence of five days in jail, suspended, and one year of probation that he received on July 14, 1993, for speeding and driving without an operator's license. Because Weaver did not raise this specific claim of error in the district court, we review it under the plain error standard. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred that was plain and affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. 2001).

---

*Although the government notes that Weaver waived his right to appeal any sentence within the statutory maximum or the manner in which the sentence was determined, it does not request dismissal on this ground. Because the government has thus "waived the waiver," we address the merits of Weaver's appeal. *United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993).

Weaver points out that, under USSG § 4A1.2(c)(2), speeding is an offense that is never counted, while driving without a license is an offense that is counted only if the sentence is a term of probation of at least one year or a term of imprisonment of at least thirty days. USSG § 4A1.2(c)(1). He argues that, because the presentence report does not state what sentence was imposed for each offense, it should be assumed that six months probation was given for each offense. A sentence of less than one year of probation for driving without a license would not be counted under § 4A1.2(c)(1).

Weaver has not produced any state court records or other evidence to show that the probationary sentence was imposed solely for the speeding offense. In the absence of such evidence, we conclude that the district court did not plainly err in accepting the probation officer's recommendation to assign one point for the sentence of one year's probation.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*