**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4163**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEODORE HOWZE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-98-299)

Submitted: April 10, 2006                    Decided: May 5, 2006

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Theodore Howze, Jr., appeals his sentence of 240 months' imprisonment after pleading guilty to possession with intent to distribute cocaine and cocaine base and aiding and abetting others. No appeal was initially filed after the judgment. However, in a 28 U.S.C. § 2255 (2000) motion, Howze claimed his attorney failed to file a notice of appeal upon his request. The district court ordered entry of a new judgment from which Howze could appeal. Thereafter, Howze filed a timely notice of appeal.[1] Howze's counsel filed an Anders[2] brief in which he states that there are no meritorious issues on appeal, but asserts ineffective assistance of trial counsel and claims the sentence was unduly harsh. Howze submitted a pro se supplemental brief.

Howze first argues that his trial counsel was ineffective in several respects. First, he claims that his trial counsel failed to file a notice of appeal. This issue was rendered moot by the district court's reentry of judgment, which permitted Howze to file a belated appeal. As to the remaining claims, allegations of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that

[1]We note that Howze signed a plea agreement that contained a waiver of his appellate rights. Because the Government does not seek to enforce the waiver, we will address the substance of the claims. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993).

[2]Anders v. California, 386 U.S. 738 (1967).

counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). There is no evidence of ineffectiveness of counsel on the face of the record. Thus, we decline to consider Howze's claims on direct appeal; instead, they may be asserted in a proceeding under 28 U.S.C. § 2255 (2000).

Howze next asserts that the district court erred by finding that he was a career offender. Howze argues that his conviction for cocaine trafficking in state court is related to his federal conviction for conspiracy to possess with intent to distribute cocaine. Under U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (1998), if there is an intervening arrest, the cases are not considered related. The record reflects that there was an intervening arrest, so we conclude the issue is without merit.

Howze argues that the court's agreement "to run this sentence concurrent with the supervised release violation" meant that the court intended the present 240-month sentence to retroactively commence on the same date he had begun serving a sentence imposed earlier upon revocation of supervised release. At sentencing, the district court did not specify a date for the present sentence to commence. Absent a clear indication that the district court intended Howze's sentence to commence retroactively—an outcome that would clearly conflict with 18 U.S.C.

§ 3585 (2000)—we decline to adopt Howze's view. Moreover, any challenge to the Bureau of Prisons' implementation of the sentence may be raised in a 28 U.S.C. § 2241 (2000) petition after exhaustion of administrative remedies. See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Randall v. Whelan, 938 F.2d 522, 524 n.2 (4th Cir. 1991).

Howze also argues that the court erred under United States v. Booker, 543 U.S. 220 (2005), by assigning criminal history points under USSG § 4A1.1(e) and (d), and by applying the sentencing guidelines as mandatory. However, Howze was subject to mandatory life imprisonment under 21 U.S.C. §§ 841(b)(1) and 851, notwithstanding the criminal history calculation under USSG § 4A1.1(e) and (d). Moreover, as a result of the Government's motion for downward departure based on substantial assistance, 18 U.S.C. § 3553(e) (2000), Howze received a sentence of only 240 months' imprisonment, a far shorter term than that warranted by the facts he admitted in pleading guilty. Further, there is nothing to suggest the district court would have imposed a shorter term if it had considered the guidelines to be advisory. See United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Therefore, we find the claim is without merit. Similarly, we reject Howze's claim that the sentence was unduly harsh.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Howze's conviction and sentence. We deny Howze's motion to strike counsel's brief, and we deny counsel's motion to withdraw from further representation at this juncture. This court requires that counsel inform Howze, in writing, of the right to petition the Supreme Court of the United States for further review. If Howze requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howze. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>