**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4459**
_____

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

     v.

ARNOLDO SALAZAR CASTILLO, a/k/a Edgar Guadalupe
Medrano-Reyes,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cr-00060-NCT-1)

_____

Submitted:  June 29, 2011         Decided:  July 13, 2011

_____

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro,
North Carolina, for Appellant. Ripley Rand, United States
Attorney, Harry L. Hobgood, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury returned a three-count indictment against Arnoldo Salazar Castillo. Count one charged Castillo with conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2006). Count two charged Castillo with possessing with intent to distribute approximately 4.36 kilograms of marijuana in violation of § 841(a)(1), (b)(1)(D) (2006). Lastly, count three charged Castillo with possession with intent to distribute approximately 5.07 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). Castillo filed a motion to suppress the evidence seized pursuant to warrants issued by a state district court judge, claiming the warrants violated Fed. R. Crim. P. 41(b)(1) because the warrants were not issued by a "judge of a state court of record." Fed. R. Crim. P. 41(b)(1). The district court denied the motion, and Castillo pled guilty, pursuant to a plea agreement, to count two of the indictment. The district court sentenced Castillo to forty-one months in prison. Castillo timely appealed. We affirm.

On appeal, Castillo first contends that the district court erred in denying his motion to suppress.[*] This court

_____

[*] Castillo did not enter a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). Because an unconditional guilty plea generally waives all antecedent, (Continued)

2

reviews factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). However, "if the district court's account of the evidence is plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding even if it would have "decided the fact differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and alteration omitted). In other words, when two views of the evidence are permissible, "the district court's choice between them cannot be clearly

_____

nonjurisdictional issues, Tollet v. Henderson, 411 U.S. 258, 266-67 (1973), Castillo's right to challenge on appeal a Fourth Amendment issue raised in a motion to suppress is waived by his unconditional guilty plea. However, the Government failed to argue that Castillo waived his right to pursue these issues by virtue of his guilty plea. We thus accept the Government's invitation to consider the merits of Castillo's appeal of the denial of his motion to suppress. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993).

erroneous." <u>Id.</u> (internal quotation marks and alteration omitted).

This court also defers to the district court's credibility determinations, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." <u>United States v. Abu Ali</u>, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted). This court construes the evidence in the light most favorable to the Government, as the party prevailing below. <u>United States v. Griffin</u>, 589 F.3d 148, 150 (4th Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 1599 (2011).

Castillo does not contend that there was insufficient probable cause for the state district court judge to issue the warrants. Nor does he argue that the good faith exception does not apply. Instead, he simply argues that the warrants were issued in violation of Fed. R. Crim. P. 41(b)(1) because the issuing judge was not a judge of a "state court of record in the district." It is undisputed that the North Carolina district court is not a court of record.

This court has held that, in the context of joint state and federal undertaking, "Rule 41's application must hinge on whether the <u>proceeding,</u> as distinct from the investigation, was federal." <u>United States v. Claridy</u>, 601 F.3d 276, 281 (4th Cir.), <u>cert. denied</u>, 131 S. Ct. 259 (2010). When such

4

cooperation occurs, "investigating violations of both federal and state law, an application for a search warrant cannot categorically be deemed a 'proceeding' governed by the Federal Rules of Criminal Procedure, based simply on the role that federal law-enforcement officers played in the investigation." Id. at 282. "[T]he fact that [the warrants] commanded a search for evidence of a state-law violation would indicate that the warrant proceeding was a state proceeding, not one under Federal Rule 41(b)." Id. at 283. Our review of the record leads us to conclude that the request for a search warrant from the North Carolina district court judge was not a federal proceeding, and consequently, Fed. R. Crim. P. 41 did not apply.

Next, Castillo contends that the district court erred in basing his sentence on a drug quantity of 89.78 kilograms. This court "review[s] the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). "Under this standard of review, this Court will only reverse if left with the definite and firm conviction that a mistake has been committed." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). In determining drug quantity for sentencing purposes, where "the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the

5

controlled substance." U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1 cmt. n.12 (2008); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). "The district court is afforded broad discretion as to what information to credit in making its calculations." Cook, 76 F.3d at 604 (internal quotation marks omitted). Our review of the record indicates that the district court did not clearly err in determining the quantity of marijuana attributable to Castillo.

Lastly, Castillo contends that his sentence was unreasonable. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, the court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Finally, the court then "'consider[s] the substantive reasonableness of the sentence imposed.'" Id. (quoting Gall, 552 U.S. at 51). A sentence imposed within the properly calculated Guidelines range is presumed reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir.

6

2010).  After a thorough review of the record, we conclude that Castillo's sentence was both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7