**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4337**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JONEATHON LORENZO BLAKNEY, a/k/a Bird,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:10-cr-01172-TLW-1)

Submitted:  November 2, 2012        Decided:  November 7, 2012

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   Arthur  Bradley  Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joneathon Lorenzo Blakney pled guilty pursuant to a written plea agreement. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Blakney's plea hearing was valid under Fed. R. Crim. P. 11, and (2) whether Blakney's waiver of his appellate rights was valid. Despite notice, Blakney did not file a pro se supplemental brief. For the reasons that follow, we affirm.

Because Blakney did not move in the district court to withdraw his guilty plea, we review any errors in the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (discussing elements of plain error). Our review of the record establishes that the district court complied with Rule 11's requirements, ensuring that Blakney's plea was knowing and voluntary, that Blakney understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. Accordingly, we discern no error in the district court's acceptance of Blakney's guilty plea.

Second, we agree with appellate counsel that Blakney knowingly and voluntarily waived his right to this appeal in his

plea agreement and that the district court specifically reviewed this waiver at Blakney's plea hearing. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169.

Considering the record as required, United States v. General, 278 F.3d 389, 400 (4th Cir. 2002), and having previously concluded that his Rule 11 proceeding was proper, we find that Blakney's waiver of the instant appeal is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Because, however, the Government has not sought to rely on the waiver, as it has failed to file any motion to dismiss or responsive brief in this court, we have addressed Blakney's appeal on the merits. United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Blakney was sentenced within his properly calculated advisory

sentencing range, after the district court expressly considered the 18 U.S.C. § 3553(a) (2006) sentencing factors. Blakney has failed to overcome the appellate presumption of correctness accorded such a sentence. We therefore affirm Blakney's conviction and sentence. This court requires that counsel inform Blakney, in writing, of the right to petition the Supreme Court of the United States for further review. If Blakney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blakney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4