**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-4416**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ASUNCION SARMINENTO ARGUELLO, a/k/a Asuncion Arguello Sarminento,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:16-cr-00579-RBH-1)

─────────────

Submitted:  February 22, 2018               Decided:  February 26, 2018

─────────────

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Christopher Dolan Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asuncion Sarminento Arguello pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(l)(C), 846 (2012), and was sentenced to 108 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court properly overruled his objection to a two-level enhancement for possessing a dangerous weapon, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016); and whether the sentence was reasonable.[*] Arguello was informed of his right to file a pro se supplemental brief. We affirm.

We review Arguello's sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first must ensure that the district court committed no significant procedural error, such as improper calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *Id.* In

---

[*] Counsel also questions the validity of the appellate waiver contained in Arguello's plea agreement. The Government has not sought to enforce the waiver in this case; accordingly, we need not assess the validity and scope of the waiver in this proceeding and may conduct a full review of the record as required by *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007) (noting that if Government does nothing in response to *Anders* brief where appellant has waived his right to appeal, court will perform required *Anders* review); *see also United States v. Metzger,* 3 F.3d 756, 757–58 (4th Cir. 1993) (holding that Government's failure to assert appeal waiver as bar to appeal constitutes waiver of reliance on appeal waiver).

assessing challenges to the application of a specific Sentencing Guidelines provision, we "review factual findings for clear error and legal conclusions de novo." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014).

If we find no significant procedural error, we also must consider the substantive reasonableness of the sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). We presume that a sentence within a properly-calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Arguello bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

The district court did not clearly err by imposing the two-level sentencing enhancement based on the presence of a pistol in a truck Arguello and a coconspirator were riding in while transporting drugs for the charged conspiracy. The Government met its burden for application of the enhancement by linking the weapon and drug trafficking. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017); *see* USSG § 2D1.1(b)(1), cmt. n.11(A) ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.").

We conclude that Arguello's sentence is reasonable. The district court correctly calculated Arguello's advisory Guidelines range as 108 to 135 months' imprisonment, based on a total offense level of 31 and criminal history category of I. The court listened to the parties' sentencing arguments and Arguello's allocution, and it imposed the 108-month sentence sought by Arguello, explaining that the within-Guidelines sentence was warranted by the nature and circumstances of Arguello's offense, his history and

3

characteristics, and the need for the sentence to reflect the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(1), (2)(A). Arguello offers nothing on appeal to rebut our presumption that his within-Guidelines sentence is substantively reasonable. *Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Arguello, in writing, of his right to petition the Supreme Court of the United States for further review. If Arguello requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arguello. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*