**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4788**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

         v.

DOMINIC SINCLAIR ERVIN,

               Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:06-cr-01035-RBH-1)

Submitted:  April 18, 2011          Decided:  April 27, 2011

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominic Sinclair Ervin pled guilty pursuant to a written plea agreement to using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Pursuant to Fed. R. Civ. P. 11(c)(1)(C), the parties stipulated to a ten-year sentence, which Ervin received. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal, but questioning whether Ervin's appellate waiver in his plea agreement is enforceable and whether the district court fully complied with Rule 11 in accepting Ervin's guilty plea. Ervin has filed a pro se supplemental brief. The Government has elected not to file a response. We affirm.

Counsel first argues Ervin's appellate waiver in his plea agreement is not enforceable. The Government, however, has not filed a responsive brief invoking the appeal waiver or moved to dismiss this appeal. Accordingly, the Government has waived reliance on the waiver, and the court will perform its required Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (noting that, if the Government does nothing in response to an Anders brief in a case where the appellant has waived his right to appeal, the court will perform its required Anders review); see also United States v. Metzger,

2

3 F.3d 756, 757-58 (4th Cir. 1993) (holding that the Government's failure to assert an appeal waiver as a bar to the appeal constitutes a waiver of reliance on the appeal waiver).

Where the defendant did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Ervin] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (citation omitted). Even if Ervin satisfies these requirements, the court retains discretion to correct the error, which it should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. (internal quotation marks and citation omitted). We have reviewed the transcript of the Rule 11 hearing, and we conclude that the district court complied with the Rule's mandates. Moreover, the district court ensured that Ervin's plea was knowing, voluntary, and supported by an adequate factual basis.

In accordance with Anders, we have reviewed the entire record in this case and Ervin's pro se supplemental brief and conclude there are no meritorious issues for appeal. We therefore affirm the judgment of the district court. We further deny Ervin's motion to appoint counsel as moot; grant in part

his motion to seal with respect to the presentence report; and deny in part his motion to seal with respect to the remaining part of the record and the Anders brief. This court requires that counsel inform Ervin, in writing, of the right to petition the Supreme Court of the United States for further review. If Ervin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ervin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED