**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4174**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

CHAKIRIS LAGEORGE RAMSEY, a/k/a Chakiris Legeorge Ramsey,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:07-cr-00050-RLV-DSC-5)

Submitted: June 9, 2011     Decided:  June 17, 2011

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J.R. CONTE, P.L.L.C., Washington, D.C., for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chakiris Lageorge Ramsey appeals his conviction after a guilty plea and 147-month sentence for one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006); one count of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006); and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2006). On appeal, counsel for Ramsey has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court complied with the mandates of Fed. R. Crim. P. 11, whether Ramsey's sentence was reasonable, whether Ramsey executed a valid waiver of his appellate rights, and whether trial counsel was ineffective. The Government has elected not to file a brief, and although Ramsey was notified of his right to file a pro se supplemental brief, he has not done so. We affirm.

I. Appeal Waiver

Counsel argues in the Anders brief that Ramsey validly waived his right to appeal. The Government, however, has not filed a brief in this court invoking the appellate waiver or

2

moved to dismiss this appeal. Thus, despite the existence of an appeal waiver, this court will conduct the required Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (noting that if the government does nothing in response to an Anders brief in a case where the appellant has waived his right to appeal, the court will perform the required Anders review); see also United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993) (holding that the government's failure to assert an appeal waiver as a bar to the appeal constitutes a waiver of reliance on the appeal waiver).

## II. Adequacy of the Rule 11 Hearing

Because Ramsey did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial

3

proceedings." Id. at 343 (internal quotation marks omitted). The defendant bears the burden of showing plain error.

We have reviewed the record and find no error. The district court went to some length to explain how the sentence would be calculated and the rights that Ramsey abandoned by pleading guilty, and to establish a factual basis for the plea. Because Ramsey's plea was knowing, voluntary, and supported by an adequate factual basis, we conclude that the plea was properly accepted by the district court.

III. Sentence

Ramsey's original advisory Guidelines range was 168 to 210 months, plus a mandatory five year consecutive sentence pursuant to 18 U.S.C. § 924(e) (2006), because Ramsey was convicted of violating 18 U.S.C. § 924(c)(1). The Government moved for a downward departure due to Ramsey's substantial assistance. The court granted the motion, and Ramsey's revised advisory Guidelines range was 108 to 135 months plus the five year mandatory consecutive sentence. The district court imposed a sentence of eighty-seven months plus five years, for a total of 147 months — significantly below the low end of Ramsey's revised advisory Guidelines range.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v.

4

_United States_, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. _Id._ First, the court must assess whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. _Id._ at 49-50; _see_ _United States v. Lynn_, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); _United States v. Carter_, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" _United States v. Engle_, 592 F.3d 495, 500 (4th Cir.) (quoting _Rita v. United States_, 551 U.S. 338, 356 (2007)), _cert. denied_, 131 S. Ct. 165 (2010).

While we note that the district court imposed a sentence with little to no explanation, we decline to notice the error. Counsel, in the _Anders_ brief, recognizes that the court did not explain its sentence, but nevertheless suggests that the sentence should be affirmed. We have independently reviewed the record, and we agree. Ramsey received a significant departure from his original Guidelines range and received a sentence nearly two years less than the low end of his revised Guidelines

5

range.  In these circumstances, we conclude that the sentence was procedurally reasonable.

Turning to the substantive reasonableness of the sentence, this court presumes on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  Ramsey's sentence was considerably lower than his advisory Guidelines range.  To the extent that the Anders brief seeks review of the extent of the downward departure, this court lacks jurisdiction to hear such a claim.  United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1994).  Accordingly, the sentence was substantively reasonable.

IV.  Ineffective Assistance of Counsel

Counsel next addresses whether trial counsel was ineffective.  Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion.  Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance.  United States v.

6

Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

We have reviewed the record, and we conclude that ineffective assistance of counsel is not conclusive on the record's face. Thus, this claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ramsey, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramsey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramsey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7