**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4326**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MANUEL RICARDO REYES-FLORES,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever, III, Chief District Judge.  (4:12-cr-00132-D-1)

Submitted: November 19, 2013        Decided: November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Ricardo Reyes-Flores pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. § 846 (2012). He received a 150-month sentence. On appeal, counsel for Reyes-Flores has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court complied with the mandates of Fed. R. Crim. P. 11 in accepting Reyes-Flores' guilty plea and whether Reyes-Flores executed a valid waiver of his appellate rights. Although Reyes-Flores was notified of his right to file a pro se supplemental brief, he has not done so. We affirm.

Although counsel raises the issue of whether the appellate waiver is valid, the Government has not filed a response in this court invoking the appellate waiver. Thus, despite the existence of an appeal waiver, this court will conduct the required Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (noting that if the Government does nothing in response to an Anders brief in a case where the appellant has waived his right to appeal, the court will perform the required Anders review); see also United States v. Metzger, 3 F.3d 756, 757–58 (4th Cir. 1993) (holding that the Government's failure to assert an appeal waiver as a

2

bar to the appeal constitutes a waiver of reliance on the appeal waiver).

Counsel also questions the adequacy of the Rule 11 hearing. Because Reyes-Flores did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Reyes-Flores has not presented any evidence or argument to demonstrate plain error. Indeed, the record reveals that the district court fully complied with Rule 11's requirements during the plea colloquy, ensuring that Reyes-Flores' plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. We conclude that Reyes-Flores' plea was knowing, voluntary, and supported by a sufficient factual basis.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Reyes-Flores, in writing, of the right to petition the Supreme Court of the United States for further review. If Reyes-Flores requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reyes-Flores. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>